1   Randall P. Beighle, WSBA No. 13421
    beighler@lanepowell.com
2   LANE POWELL PC
    1420 Fifth Avenue, Suite 4100
3   Seattle, Washington 98101-2338
    Telephone: 206.223.7000
4   Facsimile: 206.223.7107

5   Attorneys for Defendant Planned
    Administrators, Inc.
6

7

8              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF WASHINGTON
9                        AT YAKIMA

10  MIRIAH L. REYES,                  )
11                      Plaintiff,    )
                                      )    No. CV-12-506-TOR
12         v.                         )
                                      )    NOTICE TO FEDERAL COURT
13  EXPRESS EMPLOYMENT                )    OF REMOVAL
    PROFESSIONALS, a Washington       )
14  limited liability company; and   )
    PLANNED ADMINISTRATORS            )
15  INC., a foreign corporation,      )
                                      )
16                      Defendants.   )
17  _____  )

18  **TO:   The Honorable Judges of the United States District Court for the**

19  **Eastern District of Washington, at Yakima.**

20
        Pursuant to 28 U.S.C. §§ 1331, 1332, and 1441 *et seq.*, defendant
21
22  Planned Administrators, Inc., and Express Services, Inc.,[1] hereby jointly

23  _____

24  [1] Express Services, Inc. has not yet been named in this lawsuit or properly

25  served.  "Express Employment Professionals" is not an existing entity and
26

    NOTICE OF REMOVAL - 1          **LANE POWELL PC**
    No.                            1420 FIFTH AVENUE, SUITE 4100
                                   SEATTLE, WASHINGTON 98101-2338
                                   206.223.7000  FAX: 206.223.7107

126590.0002/5456773.1

remove the above-captioned action from the Superior Court of the State of Washington for Grant County to this Court on the ground of jurisdiction based on federal question jurisdiction.   The following statement is submitted in accordance with 28 U.S.C. § 1446:

1.     On May 3, 2012 plaintiff Mariah L. Reyes filed this action against "Express Employment Professionals"[2] and Planned Administrators, Inc. in the Superior Court of the State of Washington for Grant County, now pending as Cause No. 12-2-00600-4, *Mariah Reyes v. Express Employment Professionals and Planned Administrators Inc.*  Declaration of Randall P. Beighle ("Beighle Decl.") ¶ 2 and Exhibit A (Summons and Complaint).[3]

2.     Plaintiff served defendant Planned Administrators, Inc. with a

therefore has not been properly joined or served in this action.  See 28 U.S.C. § 1446(b)(2)(A) (only defendants who have been "properly joined and served" must join in or consent to the removal of the action).   In an abundance of caution, Express Services, Inc. appears in this case and joins in removal of this action without waiving objections as to improper service or jurisdiction and preserves all rights under the Civil Rules.

[2] See footnote 1, *supra*.

[3] Unless otherwise noted, all exhibits referenced herein are attached to the Declaration of Randall P. Beighle.

NOTICE OF REMOVAL - 2
No.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

126590.0002/5456773.1

Summons and the Complaint on July 12, 2012.  See Exhibit B (Service of Process Transmittal).  Planned Administrators entered a Notice of Appearance on August 1, 2012.  See Exhibit C (Notice of Appearance).

3. Plaintiff attempted to serve "Express Employment Professionals" on July 18, 2012.  See Exhibit D (Affidavit of Service).  Express Services, Inc. entered a Special Notice of Appearance on August 1, 2012, explaining that "Express Employment Professionals" is not an existing entity and has not been properly joined or served in the lawsuit.  See Exhibit E (Special Notice of Appearance).[4]

3. This Court is the United States District Court for the district and

---

[4] Since "Express Employment Services" has been neither properly joined nor properly served, its joinder or consent is not needed for removal.  See 28 U.S.C. §§ 1441(a) and 1446(b)(2)(A) (only defendants who have been "properly joined and served" must join in or consent to the removal of the action).  To the extent the Complaint is aimed at Express Services, Inc., that entity's joinder or consent in this removal is also not needed for removal, as Express Services, Inc. likewise has been neither properly joined nor properly served in this matter.  Id. Nonetheless, and in an abundance of caution, Express Services, Inc. joins in and consents to this removal.

NOTICE OF REMOVAL - 3
No.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000  FAX: 206.223.7107

126590.0002/5456773.1

division within which Plaintiff's action in the Superior Court of Washington for Grant County is pending. See 28 U.S.C. § 1441(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).  On its face, the Complaint alleges that Plaintiff resides in Grant County, Washington. See Complaint ¶ 1.

## JURISDICTION PURSUANT TO FEDERAL QUESTION

5.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants district courts jurisdiction over matters arising under a federal statute.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  In this case, Plaintiff's Complaint arises under the federal Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et. seq.* ("ERISA").

6.      Plaintiff alleges that she worked for Express Employment Professionals ("Express"). See Complaint ¶ 4.  By virtue of her employment with Express, Plaintiff alleges that she became a participant in a group insurance plan for medical care for Express employees and that premiums were deducted from her weekly paychecks. See Complaint ¶¶ 5-6.  There can be no real dispute that the group insurance plan (the "Plan") Plaintiff references in her

NOTICE OF REMOVAL - 4
No.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000  FAX: 206.223.7107

126590.0002/5456773.1

Complaint is an employee welfare plan governed by ERISA.  <u>See</u> Exhibit F (relevant Plan excerpts).

7.    Plaintiff alleges that the Plan administrator wrongfully denied Plaintiff's claim for medical benefits under the Plan, and she seeks to recover medical benefits allegedly owed to her under the Plan.  <u>See</u> Complaint ¶¶ 7-10.

8.    A defendant may remove a case on grounds that the plaintiff has asserted a claim for benefits which is completely preempted by section 514(a) of ERISA, 29 U.S.C. § 1144(a).  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-67 (1987).  Section 514(a) is "clearly expansive" and designed to establish benefit plan regulation as "exclusively a federal concern." *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001); *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 655 (1995); *Eppes v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993).  As stated by the Ninth Circuit:

> Civil claims preempted by ERISA, and redressable under 29 U.S.C. § 1132(a), provide federal question jurisdiction because Congress has "so completely" preempted this area "that any civil complaint raising [section 1132(a)] claims is necessarily federal in character."

*Nishimoto v. Federman-Bachrach & Assoc.,* 903 F.2d 709, 713 (9th Cir. 1990)

NOTICE OF REMOVAL - 5
No.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1    (quoting *Taylor*, 481 U.S. at 63-64).

2
     When a court must refer to an ERISA plan to determine the plaintiff's
3
4    eligibility for benefits or other rights under the ERISA plan and to compute the

5    damages claimed, the case "relates to" an ERISA plan and is therefore
6
     removable to federal court. *Eppes,* 7 F.3d at 45; *see also Nishimoto,* 903 F.2d
7
8    at 713-14.

9        9.    Here, Plaintiff's causes of action undisputedly "relate to" an
10
     ERISA plan.  As set forth in paragraphs 6 and 7, *supra*, Plaintiff is seeking
11
12   damages based on an alleged denial of supplemental life insurance benefits

13   provided under the Plan, an employee welfare benefit plan as defined in
14
     ERISA.  Thus, the Court will have to refer to the terms of the Plan to determine
15
16   Plaintiff's rights under the Plan, if any, and to calculate any damages claimed.

17   Accordingly, Plaintiff's action is a civil action raising a federal question, which
18
     may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441
19
20   and 1446. *Nishimoto*, 903 F.2d at 713-14; *Epps,* 7 F.3d at 45.

21       10.    Without waiving any argument or defense that ERISA preempts
22
     any state law claims or causes of action asserted by Plaintiff in her complaint, to
23
24   the extent that Plaintiff alleges other state law claims in her Complaint, 28

25   U.S.C. § 1441(c) allows for removal of the entire case whenever a separate and
26

NOTICE OF REMOVAL - 6
No.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1   independent claim, which would be removable if sued upon alone, is joined

2   with one or more otherwise non-removable claims.   28 U.S.C. § 1441(c);

3

4   *Nishimoto,* 903 F.2d at 714 ("district court may exercise pendent jurisdiction

5   over state law claims arising from a nucleus of operative fact common to both

6   the state law claims and the ERISA claim").   Likewise, the Court also has

7

8   supplemental jurisdiction over any alleged state law claims pursuant to 28

9   U.S.C. § 1367, in that such claims "are so related to claims in the action within

10  such original jurisdiction that they form part of the same case or controversy

11

12  under Article III of the United States Constitution."   28 U.S.C. § 1367(a).

13  Therefore, because this Court would have had jurisdiction over Plaintiff's

14  ERISA claims had they been filed originally in this Court, the entire case is

15

16  removable to this Court pursuant to 28 U.S.C. §§ 1441(a)-(c), and 1446(a)-(b).

17       11.    As required by 28 U.S.C. § 1446(b), this Notice of Removal is

18  timely filed within thirty (30) days from the date on which the summons and

19

20  complaint were served on defendant Planned Administrators, Inc. and within

21  thirty (30) days from the date on which Plaintiff attempted service on "Express

22  Employment Professionals."   See Exhibits B and D (evidencing service on

23

24  July 12, 2012 and July 18, 2012).[5]

25

26  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    [5] See also footnote 4, *supra.*

NOTICE OF REMOVAL - 7
No.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

126590.0002/5456773.1

12.     As required by 28 U.S.C. § 1446, a true and correct copy of all state court process, pleadings, or orders served on the removing parties to date are attached to the Beighle Declaration as Exhibits A through E.

13.     By seeking removal, Defendants do not waive, and expressly reserve, all rights, defenses, or objections of any nature that they may have to Plaintiff's claims.

14.     A copy of this Notice of Removal is being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).  A copy of this Notice of Removal is also being filed with the clerk of the Superior Court of Washington for Grant County.

WHEREFORE, defendants Planned Administrators, Inc., and Express Services, Inc. give notice that Cause No. 12-2-00600-4, now pending in the Superior Court of Grant County, has been removed therefrom to this Court.

DATED:  August 10, 2012

LANE POWELL PC

By _____
Randall P. Beighle,
WSBA No. 13421
beighler@lanepowell.com
Attorneys for Defendant Planned
Administrators, Inc.

NOTICE OF REMOVAL - 8
No.

LUKINS & ANNIS, P.S.

By_____
Michael J. Hines, WSBA No. 19929
Laura J. Black, WSBA No. 35672
Attorneys for Defendant Express
Services, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

NOTICE OF REMOVAL - 9
No.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000  FAX: 206.223.7107

126590.0002/5456773.1

# CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 10TH day of August, 2012, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Mr. Patrick R. Acres (via electronic and overnight mail)
Attorney at Law
1022 S Pioneer Way
Moses Lake, WA 98837-2271

Mr. Michael J. Hines
Lukins & Annis, P.S.
717 W Sprague Avenue, Suite 1600
Spokane, WA 99201-0466

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Executed on the 10th day of August, 2012, at Seattle, Washington.

Signature of Attorney
WSBA No. 13421
Typed Name: Randall P. Beighle
Address: 1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
Telephone: 206.223.7000
Fax: 206.223.7107
E-mail: beighler@lanepowell.com
Attorney(s) For: Defendant Planned Administrators, Inc.

NOTICE TO FEDERAL COURT OF REMOVAL - 10
No.

126590.0002/5456773.1